UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Richard E. Moses, Jr.,
    Plaintiff,

v.                                          File No. 1:08-CV-19

United States of America,
Forfeiture Division,
    Defendant.

OPINION AND ORDER
(Paper 7)

*Pro se* plaintiff Richard E. Moses, Jr. brings this action claiming that his property was unlawfully seized and that he is entitled to its return.[1] Moses is currently a defendant in a criminal case pending before the Court. As part of the criminal action, law enforcement officers seized certain funds and personal property. There is also a civil forfeiture action pending with respect to a parcel of real property in Sharon, Vermont.

In the instant case, Moses claims that his property was seized by means of perjury. For relief, he seeks the return of all seized property plus accrued interest. The government has moved to dismiss for lack of subject matter jurisdiction.

---

[1] The action is brought against the United States Forfeiture Division. The government submits that no such division exists, and suggests that the action be construed as brought against the Office of the United States Attorney for the District of Vermont, since that is the office charged with seeking forfeitures in this District. The Court accepts this characterization of the defendant.

For the reasons set forth below, the motion to dismiss is GRANTED and the case is DISMISSED without prejudice.

## Factual Background

On December 7, 2005, Moses was indicted on charges of distributing cocaine and possessing a firearm during a drug crime. United States v. Moses, File No. 1:05-CR-133 (Paper 1). During a subsequent search of Moses' property, law enforcement officers seized several items including a "blue race car" and a 2006 ski-doo snowmobile. Id. (Paper 15 at 2). Also seized was $120,000 from a bank account in the name of Richard E. Moses, Jr. d/b/a Millstone Construction. Id. (Papers 30 and 43). Finally, in April 2006, the government filed a civil forfeiture action with respect to 1.20 acres of land in Sharon, Vermont in which Moses had an interest. United States v. 1.20 Acres of Land, File No. 1:06-CV-84. On June 20, 2006, the government filed a Superseding Indictment which included a forfeiture count involving all of the property set forth above. United States v. Moses, File No. 1:05-CR-133 (Paper 44). Consequently, the civil forfeiture proceeding has been stayed. Moses now brings this civil action claiming that he can "easily prove that those [items of property] came by legitimate means and can prove beyond a reasonable doubt that [law enforcement] comitted [sic] several

counts of perjury to seize it." (Paper 5 at 3). The complaint is set forth on a standard 42 U.S.C. § 1983 form.

The government has moved to dismiss, arguing that Moses' § 1983 claim is misplaced, and that even if the Court construes the complaint liberally, the United States has not waived its sovereign immunity for this type of action. The government further allows that while there may be a waiver of sovereign immunity under the Administrative Procedures Act, 5 U.S.C. §§ 701-708, Moses has an adequate remedy in the criminal proceeding.

## Discussion

A § 1983 action may not be brought against federal agencies or actors. See Wheeldin v. Wheeler, 373 U.S. 647, 650 (1963); Dist. of Columbia v. Carter, 409 U.S. 418, 423-25 (1973); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981). The Second Circuit has held that where a section 1983 action is brought against a federal official, the court should construe the claim as an action brought pursuant to Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 389 (1971). See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). This case, however, seeks the return of seized property by a federal agency, rather than an individual official. Because Bivens applies only to claims against officials in their individual capacities, see Polanco

v. U.S. Drug Enforcement Admin., 158 F.3d 647, 650 (2d Cir. 1998) (citing Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994)); Hightower v. United States, 205 F. Supp. 2d 146, 154 (S.D.N.Y. 2002) (sovereign immunity bars Bivens claim against United States and federal agents in their official capacities), the Court will not construe Moses' complaint as a Bivens action.

When faced with similar forfeiture-related claims by *pro se* plaintiffs, "courts of this Circuit have liberally construed" those claims . . . "'as brought under the Tucker Act, 28 U.S.C. § 1346(a)(2), for property worth less than $10,000; the Administrative Procedure Act ("APA"), 5 U.S.C. § 702; or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671.'" Sanchez-Butriago v. United States, 2003 WL 21649431, at *2 (S.D.N.Y. July 14, 2003) (quoting Vasquez v. United States, 1996 WL 692001, at *2 (S.D.N.Y. Dec. 3 1996)); see also Boero v. Drug Enforcement Admin., 111 F.3d 301, 305 n.4 (2d Cir. 1997). Since Moses' primary claim for relief is injunctive in nature, the FTCA and Tucker Act do not apply. See Kosak v. United States, 465 U.S. 848, 852 (1984) (FTCA provides jurisdiction over civil actions seeking only money damages against the United States); United States v. Mitchell, 463 U.S. 206, 216 (1983) (claims under the Tucker Act must be

4

for money damages against the United States only).[2] The APA, however, provides "a limited waiver of sovereign immunity for suits seeking non-monetary relief against agencies and officers of the United States." Lipkin v. United States S.E.C., 468 F. Supp. 2d 614, 621 (S.D.N.Y. 2006) (citing 5 U.S.C. § 702).

Moses may not proceed under the APA if (1) there is an adequate remedy at law or (2) the action is precluded from judicial review by statute or committed by law to agency discretion. See Polanco, 158 F.3d at 652. Here, the parties may litigate the propriety of the various forfeitures in the context of the Superseding Indictment. In fact, a hearing is currently scheduled for April 6, 2009, the sole purpose of which is to determine whether the property set forth in the Superseding Indictment is subject to forfeiture. United States v. Moses, File No. 1:05-CR-133 (Paper 194). Because a remedy is available in the criminal case, the APA does not waive the federal government's sovereign immunity, and this Court has no jurisdiction to hear Moses' civil complaint. The motion to dismiss is, therefore, GRANTED.

---

[2] Moses' only potential claim for damages is his request for interest, and the United States is not obligated to pay interest on seized currency. See Ikelionwu v. United States, 150 F.3d 233, 239 (2d Cir. 1998).

## Conclusion

For the reasons set forth above, the defendant's motion to dismiss (Paper 7) is GRANTED, and this case is DISMISSED without prejudice.

Dated at Brattleboro, in the District of Vermont, this 17th day of March, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge